# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GINA GAMBRELL as the Administratrix** ) | |
| **of the Estate of MARK WAYNE** ) | |
| **GAMBRELL,** ) | |
| ) | CIVIL ACTION NO. _____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | JURY TRIAL DEMANDED AS |
| ) | ALLOWED BY LAW |
| ) | |

**WILKINSON CGR CAHABA LAKES, LLC.; WILKINSON REAL ESTATE ADVISORS, INC.; WILKINSON COMPANIES; WILKINSON GROUP; BRK ELECTRONICS; UNDERWRITERS LABORATORIES; and FICTITIOUS PARTY DEFENDANTS 1-5**, whether singular or plural, that entity or those entities who or which were responsible for maintaining and inspecting the fire detector involved in the incident made basis of Plaintiff's claims; **DEFENDANTS 6-10**, whether singular or plural, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit, altered, repaired or replaced the fire detector or were told that such repair, alteration or replacement needed to be made to said fire detector and its component parts involved in the incident made basis of Plaintiff's claims; **DEFENDANTS 11-15**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the Plaintiff's apartment, or were responsible for serving as a landlord or other position wherein complaints related to the maintenance or upkeep of Plaintiff's apartment or fire detector; **DEFENDANTS 16-20**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, maintained or replaced any item in the Plaintiff's apartment on behalf of the landlord; **DEFENDANTS 21-25**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation or successor corporation of any of the entities described above; **DEFENDANTS 25-30**, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses of or with reference to the fire detector or its component parts involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith including, but not limited to, the defendant landlord's liability insurance carrier; **DEFENDANTS 31-35** whether singular or plural, that entity or those entities who or which manufactured any of the component parts of the fire detector involved in the incident made basis of Plaintiff's claims; **DEFENDANTS 36-40** whether singular or plural, that entity or those entities who or which designed any of the component parts of the fire detector involved in the incident made basis of Plaintiff's claims; **DEFENDANTS 41-45** whether singular or plural, that entity or those entities who or which distributed any of the component parts of the fire detector involved in the incident made basis of Plaintiff's claims; **DEFENDANTS 46-50** whether singular or plural, that entity or those entities who or which sold or distributed the fire

detector involved in the incident made basis of Plaintiff's claims; **DEFENDANTS 51-60**, whether singular or plural, that entity or those entities or persons, who are the principal, agent, representative, subsidiary or assign of any defendant hereinabove named; **DEFENDANTS 56-60** whether singular or plural, that individual or entity or those entities who or which were responsible for mintaining or servicing the fire detectors throughout the apartment where decedent died. Plaintiff avers that the true identities of the foregoing fictitious parties defendant are otherwise unknown to the plaintiff at this time, or, if their names are known to the plaintiff, their identities as proper parties defendant are not known at this time, and their true names will be substituted when ascertained,    )

)
**Defendants.**                )

## COMPLAINT

## PARTIES

1. Plaintiff, Gina Gambrell ("Gambrell" or "Plaintiff") is an adult resident of Jefferson County, Alabama.  Ms. Gambrell is the administratrix of the Estate of Mark Wayne Gambrell.  Prior to his death, Mr. and Mrs. Gambrell resided at 3901 Chesapeake North, Birmingham, AL 35242 ("the apartment").

2. Defendant, Wilkinson CGR Cahaba Lakes, LLC (hereafter referred to collectively as "Wilkinson CGR"), is a foreign entity operating its business in Alabama.  At all times pertinent to the claims pled herein Wilkinson CGR owned, operated, managed and/or leased the apartment to Plaintiff.

3. Defendant, Wilkinson Real Estate Advisors, Inc. (hereafter referred to collectively as "Wilkinson Real Estate"), is a foreign entity operating its business in Alabama.  At all times pertinent to the claims pled herein Wilkinson Real Estate owned, operated, managed and/or leased the apartment to Plaintiff.

4. Defendant, Wilkinson Companies (hereafter referred to collectively as "Wilkinson Companies"), is a foreign entity operating its business in Alabama.  At all times pertinent to

the claims pled herein Wilkinson Companies owned, operated, managed and/or leased the apartment to Plaintiff.

5. Defendant, Wilkinson Group (hereafter referred to collectively as "Wilkinson Group"), is a foreign entity operating its business in Alabama. At all times pertinent to the claims pled herein Wilkinson Group owned, operated, managed and/or leased the apartment to Plaintiff.

6. Defendant, BRK Electronics (hereafter referred to collectively as "BRK"), is a foreign entity that distributes products to Alabama. At all times pertinent to the claims pled herein, BRK manufactured the fire/smoke detector at the condominium in question.

7. Defendant, Underwriters Laboratories (hereafter referred to collectively as "Underwriters"), is a foreign entity that distributes products to Alabama. At all times pertinent to the claims pled herein, Underwriters manufactured the fire/smoke detector at the condominium in question.

8. Fictitious Party Defendants 1-60 are individuals or entities who have an unknown current residence. Hereafter, all named defendants, including Fictitious Party Defendants 1-60, are sometimes referred to as "Defendants" collectively. It is the intent of this Complaint to assert claims at the time of filing against the named Defendants and all Fictitious Party Defendants.

9. Hereafter, Wilkinson CGR, Wilkinson Real Estate, Wilkinson Companies, Wilkinson Group, and/or Fictitious Party Defendants may be called "The Landlord."

**STATEMENT OF FACTS**

10. On July 7, 2013, Mark Wayne Gambrell and his wife Gina Gambrell resided at 3901 Chesapeake North, Birmingham, AL 35242, in the Lakes at Inverness, f/k/a Cahaba Lakes

condominium complex.

11. Both were paying residents/tenants of the condominium complex, which was owned, maintained and operated by The Landlord.

12. At some point prior to July 7, 2013, maintenance had determined the fire/smoke detector (i.e., the one wired into the electrical system in the condo, manufactured by Underwriters Laboratories and BRK Electronics) was not operating. Maintenance installed a second manual fire/smoke detector that also did not work.

13. On July 7, 2013, a fire broke out in the condominium – killing Mark Wayne Gambrell.

14. Based on eyewitness accounts, the fire detector within earshot of Mr. Gambrell did not sound or alarm.

## COUNT I
## NEGLIGENT/WANTON CONDUCT
### Assumed Duty
### (The Landlord Defendants)

15. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

16. The Defendants, including fictitious party defendants, installed a fire detector in Plaintiff's apartment and thereby voluntarily assumed the duty to make sure said fire detector functioned properly at the time it was installed in Plaintiff's apartment and to inspect and/or maintain said fire detector thereafter so as to ensure that it was in proper working order and capable of alarming during foreseeable fire hazards such as the one encountered by Plaintiff decedent on the occasion made basis of this claim.

17. The Defendants, including fictitious party defendants, negligently and/or wantonly failed

to inspect and/or maintain said fire detector either at the time of its installation or thereafter and as a result said fire detector did not function when it was needed to serve its intended purposes.

18. The negligence and/or wantonness of all Defendants combined and concurred to proximately cause the death of Mark Wayne Gambrell.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

### COUNT II
### NEGLGIENT/WANTON FAILURE TO
### INSPECT, MAINTAIN, REPAIR OR REPLACE
(The Landlord Defendants)

19. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

20. Alabama law imposes on the Defendants a duty to maintain in good and safe working order and condition appliances and devices such as the fire detector installed in Plaintiff's apartment on the occasion made basis of the claims.

21. The Defendants knew or should have known that the fire detector they installed in the apartment did not work.

22. Upon knowing that the fire detector installed in the apartment was not functional, Defendants had a duty to repair or replace said fire detector.

23. The Defendants knew or should have known that the fire detector it installed in the apartment was capable of failing unless it was regularly inspected and/or maintained even though it may have been functional when initially installed.

24. The Defendants negligently and/or wantonly failed to ascertain that said fire detector was not functional at the time it was installed and/or failed to inspect or maintain the fire detector as required by Alabama law to make sure that it was functional thereafter.

25. The negligence and/or wantonness of all Defendants combined and concurred to proximately cause death of Mark Wayne Gambrell.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT III
## ALABAMA EXTENDED MANUFACTURERS' LIABILITY DOCTRINE
**(Underwriters and BRK)**

26. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

27. The fire/smoke detector involved in the incident made basis of Plaintiff's claims was designed, manufactured, sold, distributed, supplied and marketed by Underwriters and/or BRK.

28. Said fire/smoke detector was defectively designed and/or manufactured by said defendants.

29. There was no substantial change to the subject fire detector from the time it left the

possession of these defendants until the time Plaintiff decedent was impacted by its defect.

30. The defect in the subject fire detector was the cause of Plaintiff decedent's death.

31. The defective condition of the fire detector along with the negligence and/or wantonness of all Defendants combined and concurred to proximately cause death.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT IV
## FAILURE TO WARN
### (Underwriters and BRK)

32. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

33. The fire detector involved in the incident made basis of Plaintiff's claims was designed, manufactured, sold, distributed, supplied and marketed by Underwriters and BRK.

34. At the time it manufactured the subject fire detector, or some time thereafter, defendants knew that the intended users of its product would rely on said fire detector to protect their lives and the lives of their family.

35. These Defendants had a duty to take all reasonable measures in designing and manufacturing the subject fire detector, and to warn of problems associated with the design, manufacturing, or use.

36. These Defendants negligently and/or wantonly failed to warn of such problems.

37. Such negligent and/or wanton conduct was the proximate cause of Plaintiff Decedent's death.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT V
## BREACH OF WARRANTY
**(Underwriters and BRK)**

38. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

39. Underwriters and BRK sold the subject fire detector to The Landlord Defendants and/or one or more fictitious party defendants.

40. Underwriters and BRK, at all times relevant to Plaintiff's claims, were in the business of selling fire detectors like the subject fire detector.

41. The subject fire detector was not suitable or fit for the ordinary purpose for which fire detectors are used.

42. The subject fire detector was also not merchantable as that term is used in the law.

43. Plaintiff was caused harm by these defendants' breach of warranty.

44. This breach of warranty along with the negligence and/or wantonness described hereinabove, proximately caused the death of Mr. Gambrell.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally,

including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

### COUNT VI
### WRONGFUL DEATH
### (All Defendants)

45. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

46. This case is brought pursuant to the Alabama Wrongful Death Statute.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

*/s/ Josh J. Wright*
JOSH J. WRIGHT (WRI-045)
Attorney for the Plaintiff

**OF COUNSEL:**
HOLLIS, WRIGHT, CLAY & VAIL, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35203
205/324-3600 Telephone
205/324-3636 Facsimile
joshw@hollis-wright.com

**\*\*PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY\*\***

*/s/ Josh J. Wright*
JOSH J. WRIGHT

**PLEASE SERVE THESE DEFENDANTS VIA CERTIFIED MAIL:**

**WILKINSON CGR CAHABA LAKES, LLC.**
1000 Hunt Cliff Road
Birmingham, Alabama 35242-5118

**WILKINSON REAL ESTATE ADVISORS, INC.**
2100 Riveredge Parkway
 Suite 825
Atlanta, GA 30328

**WILKINSON COMPANIES**
2100 Riveredge Parkway
 Suite 825
Atlanta, GA 30328

**WILKINSON GROUP**
2100 Riveredge Parkway
 Suite 825
Atlanta, GA 30328

**BRK ELECTRONICS**
780 McClure Road
Aurora, IL 60504-2495

**UNDERWRITERS LABORATORIES**
C/O CT CORPORATION SYSTEM
2 NORTH JACKSON STREET SUITE 605
MONTGOMERY, AL 36104